IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kevin Bryant, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NOTICE OF REMOVAL |
| v. | ) |
| | ) C.A. No._____ |
| Aetna Life Insurance Company and The Boeing Company, | ) |
| | ) |
| Defendants. | ) |

**TO: The Honorable District Court of the United States for the District of South Carolina, Greenville Division**

Defendants Aetna Life Insurance Company ("Aetna") and The Boeing Company ("Boeing"), would respectfully show unto the Court as follows:

1) Boeing and Aetna are parties to a civil action brought against them in the Court of Common Pleas of Greenville County entitled "Kevin Bryant, Plaintiff v. Aetna Life Insurance Company and The Boeing Company, Defendants, Case No. 2014-CP-23-04303." This action was commenced by service of a summons and complaint on Aetna through the South Carolina Department of Insurance via Certified Mail, Return Receipt Requested, on August 6, 2014. Boeing was served with the summons and complaint on August 20, 2014. Copies of the summons and complaint served in this matter are attached hereto. No further proceedings have been had therein.

2) Boeing and Aetna are timely filing this Notice of Removal to the United States District Court for the District of South Carolina within 30 days of service of the summons and complaint on Aetna.

3)      Aetna is an insurance company organized and existing pursuant to the laws of the State of Connecticut with its principal place of business in Connecticut.

4)      Boeing is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of Delaware.

5)      Plaintiff, upon information and belief, is a citizen and resident of the State of South Carolina.

6)      Plaintiff asserts in the Complaint that this action involves a claim for short and long term disability benefits allegedly due under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* (ERISA).  *See* Complaint at ¶¶ 3, 5, 8, 24, 26.

7)      Plaintiff alleges the Plan was established and maintained by Boeing, Plaintiff's employer.  *See* Complaint at ¶¶ 3, 5.

8)      The Plan is a "plan, fund or program established or maintained by . . . an employee organization for the purpose of providing for its participants or their beneficiaries . . . benefits" and is therefore subject to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002(1) (ERISA).  *See* Complaint at ¶¶ 3, 5.

9)      Plaintiff alleges he was a participant in the Plan.  *See* Complaint at ¶ 2.

10)     Plaintiff's claims for benefits fall squarely within the purview of section 502(a)(1)(B) of ERISA, which provides that an ERISA plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Further, the Complaint expressly avers that the Plan is a "group" plan established by Boeing, *see* Complaint at ¶ 5, the Plan is governed by ERISA, *see* Complaint

at ¶8, and that Plaintiff's claim for benefits is made pursuant to 29 U.S.C. § 1132(a)(2)(B). *See* Complaint at ¶¶ 24-25.

11)     The United States Supreme Court has held that the civil enforcement provisions of Section 502(a) of ERISA manifest "complete preemption" of this subject area and causes of action within the scope of ERISA's civil enforcement scheme are removable to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

12)     Plaintiff's claims are brought pursuant to Section 502(a) of ERISA and are thus completely preempted by ERISA.  As such, Plaintiff's claims are within the original jurisdiction of the District Court of the United States pursuant to 28 U.S.C. § 1331.  Therefore, Plaintiff's Complaint is removable pursuant to 28 U.S.C. § 1441(b).  Any claims asserted by Plaintiff are preempted by ERISA and any remedy to which Plaintiff may be entitled is exclusively within the civil enforcement remedy of ERISA.

13)     Aetna and Boeing submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

14)     A copy of this Notice of Removal, with accompanying exhibit, and a Notice of Filing of Notice of Removal are being served upon Plaintiff and will be filed with the Clerk of the Greenville County Court of Common Pleas promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

WHEREFORE, Defendants, Aetna Life Insurance Company and The Boeing Company, pray that the above case now pending against them in the Court of Common Pleas for Greenville County, South Carolina, be removed therefrom to this Court.

                                        <u>s/Jennifer E. Johnsen</u>
                                        Jennifer E. Johnsen (Fed. ID No. 5427)
Lauren T. Maxwell (Fed. ID No. 11465)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580
(864) 271-7502 (fax)

Greenville, SC                            Attorneys for Defendants,
August 27, 2014                    Aetna Life Insurance Company
                                        and The Boeing Company